IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Leangelo Dildy, | Civil Action No. 2:24-cv-03612-RMG-MHC |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| City of North Charleston, John Doe, Jared Martin & Christopher Cooper, *all of the North Charleston Police Department in their individual capacities*, | |
| Defendants. | |

Plaintiff, represented by counsel, filed this action in state court, alleging a negligence action arising under state law, as well as federal claims pursuant to 42 U.S.C. § 1983 for violation of his civil rights. ECF No. 1-1. Defendants removed the action to this Court on June 21, 2024. ECF No. 1. Before the Court is a Partial Motion to Dismiss ("Motion") filed by Defendant City of North Charleston ("Defendant"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 4. Plaintiff filed a Response in Opposition to the Motion, ECF No. 6, and Defendant filed a Reply, ECF No. 7. For the reasons set forth below, the undersigned recommends that the Motion be granted.[1]

## **LEGAL STANDARD**

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Williams v. Preiss-Wal Pat III, LLC*, 17 F. Supp. 3d 528, 531 (D.S.C. 2014). Pursuant to Rule 8 of the

---

[1] All pretrial proceedings in this case were referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2), D.S.C. This Report and Recommendation is entered for review by the District Judge.

1

Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant will have "fair notice of what the claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). "[T]he facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Robinson v. Am. Honda Motor Co.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, 570). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When considering a Rule 12(b)(6) motion, the court is required to accept the allegations in the pleading as true and draw all reasonable factual inferences in favor of the party opposing the motion. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011). However, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## **DISCUSSION**

In his Complaint, Plaintiff alleges that he was injured following an excessive use of force that occurred on or about May 22, 2022, after three North Charleston Police Department officers forcibly dragged him out of a patrol vehicle in the parking lot of a warehouse in North Charleston. ECF No. 1-1. Plaintiff has asserted a civil rights claim pursuant to 42 U.S.C. § 1983, as well as a state tort claim against Defendant. *Id.* Defendant moves to dismiss the § 1983 claim against it. ECF No. 4.

To state a claim pursuant to 42 U.S.C. § 1983, "a plaintiff must establish three elements: (1) the deprivation of a right secured by the constitution or a federal statute; (2) by a person; (3) acting under color of state law." *Campbell v. Florian*, 972 F.3d 385, 392 n.5 (4th Cir. 2020),

*as amended* (Aug. 28, 2020); *see also Gomez v. Toledo*, 446 U.S. 635, 540 (1983); *Hall v. Quillen*, 631 F.2d 1154, 1155–56 (4th Cir. 1980). In *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), the Supreme Court found that "municipalities and other local government units [are] among those persons to whom § 1983 applies," such that they can be sued directly under § 1983. *Id.* at 690.

Assuming arguendo that Plaintiff suffered a constitutional deprivation, the City of North Charleston, as a municipality, can be liable under section 1983 only for its own illegal acts. *See Owens v. Baltimore City State's Att'ys Off.*, 767 F.3d 379, 402 (4th Cir. 2014). "Only if a municipality subscribes to a custom, policy, or practice can it be said to have committed an independent act" and therefore be subject to *Monell* liability. *Id*. "Municipal policy may be found in written ordinances and regulations, in certain affirmative decisions of individual policymaking officials, or in certain omissions on the part of policymaking officials that manifest deliberate indifference to the rights of citizens[.]" *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999) (internal citations omitted). A municipal custom may be established "[o]utside of such formal decisionmaking channels . . . if a practice is so 'persistent and widespread' and 'so permanent and well settled as to constitute a "custom or usage" with the force of law.'" *Id.* (quoting *Monell*, 436 U.S. at 691). As the Fourth Circuit has elaborated, a "policy or custom" of a municipality can manifest in four ways:

> (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that "manifest[s] deliberate indifference to the rights of citizens"; or (4) through a practice that is so "persistent and widespread" as to constitute a "custom or usage with the force of law."

*Starbuck v. Williamsburg James City Cnty. Sch. Bd.*, 28 F.4th 529, 533 (4th Cir. 2022) (citing *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003)).

"Sporadic or isolated violations of rights will not give rise to *Monell* liability; only 'widespread or flagrant' violations will." *Owens*, 767 F.3d at 403; *see also Jones v.*

3

*Louisville/Jefferson Cnty., Metro Gov't*, 482 F. Supp. 3d 584, 598 (W.D. Ky. 2020) ("A single incident generally is not enough to show a custom."); *Flaherty-Ortega v. Horry Cnty.*, No. 1:21-cv-02866-DCN-SVH, 2022 WL 3974190, at *3 (D.S.C. Sept. 1, 2022) (dismissing claim when plaintiff failed to adequately allege an actionable policy or custom, even when she provided similar incidents, and collecting cases holding the same). While a plaintiff is not required to exercise specificity when pleading the existence of multiple previous incidents to demonstrate a custom, a plaintiff is generally expected to do more than allege a label and conclusion of such custom. *See McDowell v. Grimes*, No. GLR-17-3200, 2018 WL 3756727, at *5 (D. Md. Aug. 7, 2018) ("[D]istrict courts within the Fourth Circuit have similarly denied motions to dismiss without requiring plaintiffs to plead the existence of multiple past incidents with specificity."); *cf. Booker v. City of Lynchburg*, No. 6:20-cv-00011, 2021 WL 519905, at *4 (W.D. Va. Feb. 11, 2021) ("[D]istrict courts in the Fourth Circuit have allowed claims alleging an official custom or pattern of unconstitutional police conduct to proceed when plaintiffs have alleged a similar number of incidents over a similar timeframe.").

Plaintiff alleges in his Complaint that Defendants Doe, Martin, and Cooper ("the Defendant Officers") were at all relevant times police officers with the North Charleston Police Department and were acting within the scope of their duties as officers. ECF No. 1-1 at ¶¶ 2–4. Plaintiff alleges that he was handcuffed and in police custody in the rear of a patrol vehicle and that the Defendant Officers injured him after removing him from the vehicle, in violation of his constitutional rights. *Id.* at ¶¶ 7, 9, 10, 32–33. Plaintiff alleges that the Defendant Officers attempted to shield the incident from onlookers who were attempting to record the incident. *Id.* at ¶ 13. Plaintiff additionally alleges that no body camera footage was recorded and that no incident report or use of force report was ever prepared. *Id.* at ¶¶ 17–18. Plaintiff further alleges that the City of North

Charleston "has a custom of allowing officers to destroy and/or fail to record body worn camera footage without consequence or disciplinary action," as well as "a custom of not forcing officers to document uses of force." *Id.* at ¶¶ 34–35. Plaintiff alleges that these customs encourage malfeasance. *Id.* at ¶ 36. Plaintiff does not provide examples of the alleged customs in the Complaint, other than the specific incident at issue here. *Id.*

These allegations are not sufficient to survive Defendant's Motion to Dismiss the § 1983 claim against it. A plaintiff must allege more than a conclusory allegation to survive a motion to dismiss. *See Iqbal*, 556 U.S. at 678. Plaintiff has alleged a custom exists but has not provided any basis for such allegation. While Plaintiff may have alleged sufficient facts in his Complaint to set forth a "plausible" constitutional violation by the North Charleston Police Officers, Plaintiff fails to provide more than mere conclusory statements that the City of North Charleston has a custom that supports liability under § 1983.

Plaintiff does not allege any prior incidents that would indicate "a practice that is so 'persistent and widespread' as to constitute a 'custom or usage with the force of law.'" *See Starbuck*, 28 F.4th at 533. Plaintiff does not allude or refer to a single incident other than the potential constitutional violation at issue here. Though Plaintiff is not required to plead such incidents with great specificity, Plaintiff must show some factual basis for his allegations to support that Defendant has a custom that caused Plaintiff's injury. Without more, the undersigned cannot find that the facts support a claim to relief that survives Defendant's Motion to Dismiss the § 1983 claim, as Plaintiff's statements serve as nothing more than conclusory allegations. Therefore, as to the § 1983 claim against the City of North Charleston, Defendant's Motion should be granted.

## CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that Defendant's Partial Motion to Dismiss (ECF No. 4) be **GRANTED** and that the 42 U.S.C. § 1983 claim against the City of North Charleston be **DISMISSED** without prejudice.

**IT IS SO RECOMMENDED.**

The parties are referred to the Notice Page attached hereto.

Molly H. Cherry
United States Magistrate Judge

August 20, 2024
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).