**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Leangelo Dildy,<br><br>   Plaintiff,<br> v.<br><br>CITY OF NORTH CHARLESTON; JOHN DOE; JARED MARTIN; & CHRISTOPHER COOPER, all of the North Charleston Police Department in their individual capacities,<br><br>   Defendants. | Case No. 2:24-cv-03612-RMG<br><br>**ORDER AND OPINION** |

 Before the Court is the report and recommendation (R&R) of the Magistrate Judge recommending Defendant City of North Charleston's motion to dismiss be granted. (Dkt. No. 8). Plaintiff did not file objections to the report. For the reasons set forth below, the Court adopts the R&R as the Order of the Court and grants Defendant's motion to dismiss. (Dkt. No. 4).

 **I. Background**

 Plaintiff Leangelo Dildy alleges that on May 22, 2022, three North Charleston Police Department officers used excessive force when they dragged the handcuffed Plaintiff out of a patrol vehicle, injured him, placed him back in the vehicle, and injured him again. (Dkt. No 1-1). Plaintiff's complaint includes two causes of action against the City of North Charleston: gross negligence under the South Carolina Tort Claims Act, and constitutional violations for unreasonable seizures and excessive force under 42 U.S.C. § 1983. (Dkt. No 1-1). On June 27, 2024, Defendant filed a motion to dismiss the § 1983 claim against it, arguing that Plaintiff failed to show Defendant personally participated in the incident and that Plaintiff failed to properly state

1

a *Monell* Claim. (Dkt. No. 4). On July 11, 2024, Plaintiff filed a motion in opposition to the motion to dismiss. (Dkt. No. 6).

## II. Legal Standard

### A. Review of R&R

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### B. Motion to Dismiss

Fed. R. Civ. P. 12(b)(6) permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses . . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint

and the existence of any fact that can proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 1980). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. Discussion

Upon review of the record and case law in this Circuit, the Magistrate Judge determined that Plaintiff failed to establish the three elements necessary for a claim pursuant to 42 U.S.C. § 1983: "(1) the deprivation of a right secured by the constitution or a federal statute; (2) by a person; (3) acting under color of state law." *Campbell v. Florian*, 972 F.3d 385, 392 n.5 (4th Cir. 2020), as amended (Aug. 28, 2020); *see also Gomez v. Toledo*, 446 U.S. 635, 540 (1983); *Hall v. Quillen*, 631 F.2d 1154, 1155–56 (4th Cir. 1980).

In *Monell v. Dep't of Soc. Servs.*, the Supreme Court noted that municipalities and local governments can be sued directly for their illegal acts under § 1983. 436 U.S. 658, 690 (1978). The court in *Owens v. Baltimore City State's Att'ys Off.* held that "[o]nly if a municipality subscribes to a custom, policy, or practice can it be said to have committed an independent act"

3

and therefore be subject to *Monell* liability. The Fourth Circuit has laid out four ways a policy or custom can manifest:

> (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that "manifest[s] deliberate indifference to the rights of citizens"; or (4) through a practice that is so "persistent and widespread" as to constitute a "custom or usage with the force of law."

*Starbuck v. Williamsburg James City Cnty. Sch. Bd.*, 28 F.4th 529, 533 (4th Cir. 2022) (citing *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003)). Plaintiff has focused on the fourth element and argues that Defendant has a custom of not requiring officers to document uses of force and a custom of allowing officers to fail to record body camera footage. (Dkt. No. 1-1; Dkt. No. 7).

Plaintiffs need not plead multiple previous incidents with specificity, but they are expected to do more than allege a custom using a single incident. *See McDowell v. Grimes*, No. GLR-17-3200, 2018 WL 3756727, at *5 (D. Md. Aug. 7, 2018) ("[D]istrict courts within the Fourth Circuit have similarly denied motions to dismiss without requiring plaintiffs to plead the existence of multiple past incidents with specificity."); *cf. Booker v. City of Lynchburg*, No. 6:20-cv-00011, 2021 WL 519905, at *4 (W.D. Va. Feb. 11, 2021) ("[D]istrict courts in the Fourth Circuit have allowed claims alleging an official custom or pattern of unconstitutional police conduct to proceed when plaintiffs have alleged a similar number of incidents over a similar timeframe.").

Here, to support the allegation that Defendant subscribes to a practice that is so persistent as to constitute a custom, Plaintiff points only to the incidents surrounding his own alleged constitutional violations. (Dkt. No. 1). Plaintiff does not provide examples of the alleged customs, other than the specific incident at issue here. A plaintiff must allege more than a conclusory allegation to survive a motion to dismiss. *See Iqbal*, 556 U.S. at 678. Because Plaintiff failed to provide statistics of North Charleston officers' use of body cameras, deletion of footage, or any

other incident before May 22, 2022, the allegations that Defendant has a custom that caused Plaintiff's injuries are conclusory. Therefore, without some factual basis to support Plaintiff's allegation, Defendant's Motion to Dismiss the § 1983 claim against Defendant City of North Charleston should be granted.

### IV.    Conclusion

In light of the foregoing, Defendant City of North Charleston's motion to dismiss is **GRANTED**. (Dkt. No. 4). Plaintiff's negligence cause of action against Defendant remains.

**AND IT IS SO ORDERED.**

          _s/Richard M. Gergel_
          Richard Mark Gergel
          United States District Judge

September 12, 2024
Charleston, South Carolina